FORREST NORRIS, *Plaintiff in Error,* v. STATE OF FLORIDA, *Defendant in Error.*

145 So. 761.

Division B.

Opinion Filed February 2, 1933.

*Cone & Chapman,* for Plaintiff in Error;

*Cary D. Landis, Attorney General,* and *Roy Campbell, Assistant,* for the State.

PER CURIAM.—In this case we are unable to point with certainty to any one occurrence, ruling, or Act which would constitute, or in our opinion does constitute, reversible error. Two brothers were indicted for murder in the first degree; one, the plaintiff in error here, as principal in the first degree, and the other as principal in the second degree. The one indicted as principal in the second degree was acquitted.

The plaintiff in error here was adjudged guilty of manslaughter on a verdict which read:

"We, the jury, find the defendant Forrest Norris guilty of aggravated manslaughter."

There is no such crime as "aggravated manslaughter" known to our law and we have no way of knowing just what was in the mind of the jury, or what was meant by that verdict.

The defense interposed was that of self defense. It appears to us that there was some substantial evidence supporting the contention of the defendant. We would not, however, reverse the judgment for a new trial on this point alone.

There was a motion for continuance on account of the absence of a witness which appeared to contain much merit, though it did not entirely meet the requirements of the rule in such cases and we cannot say that the trial court abused its discretion in overruling the motion. A young girl was allowed to testify, over the objection of the defendant, who had not been shown to clearly realize the obligation of an oath, nor to appreciate the solemnity thereof, nor to be acquainted with the punishment which might follow false swearing. The record, however, discloses no effort on the part of counsel for defendant to propound questions in addition to those propounded to her by the court to ascertain whether or not she was qualified as a witness and, under the state of the record, no reversible error occurred in allowing her to testify.

When the whole record is considered, however, we have an abiding conviction that justice demands a reversal of the judgment for a new trial and it is so ordered.

Reversed.

DAVIS, C. J., and WHITFIELD, BROWN and BUFORD, J. J., concur.